# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: NOVEMBER 1, 2007
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2005-SC-000707-MR

JOHN T. THURMAN                                              APPELLANT

            ON APPEAL FROM CUMBERLAND CIRCUIT COURT
V.                 HONORABLE EDDIE C. LOVELACE, JUDGE
               NOS. 04-CR-000052 & 04-CR-000054

COMMONWEALTH OF KENTUCKY                      APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Appellant, John T. Thurman, was convicted of rape in the first degree, sodomy in the first degree, and use of a minor in a sexual performance. He now appeals his convictions as a matter of right. Ky. Const. § 110(2)(b).

On appeal, Appellant argues that the trial court denied him due process by not sua sponte ordering a continuance as a result of the Commonwealth's failure to disclose potentially exculpatory evidence. For the reasons set forth herein, we affirm.

## I. FACTS

In August 2004, Cord Thurman, Appellant's son, met M.W., the 15-year-old victim in this matter. Cord and M.W. began dating. A few weeks into the relationship, Cord and M.W. started having sex at Appellant's residence, where Cord lived with Appellant and Nora Thurman, Appellant's girlfriend.

The events that followed are in dispute. On one occasion, Appellant allegedly walked into Cord's bedroom while he was having sex with M.W. M.W. testified that Appellant said he had been watching them through the window and that the only way they could continue having sex was if he could watch. Appellant denies watching Cord and M.W. having sex.

According to M.W., on October 19, 2004, Appellant walked into Cord's bedroom while he was having sex with M.W. and stood over the bed. M.W. testified that Appellant pulled down his pants and made M.W. kiss his penis. Appellant purportedly told Cord that he was doing it wrong and to get up. Appellant allegedly got on top of M.W., told Cord to hold the door shut so that Nora could not come in, and began kissing M.W.'s breasts. M.W. stated that Appellant pinned her arms down while he forced her to have sex. M.W. further testified that she could not push Appellant off and was unable to scream. The incident was reported to the police on October 31, 2004.

Appellant denies raping M.W. Cord testified that Appellant did not have sex with M.W. According to Cord, Appellant caught him and M.W. having sex, reported it to Nora, and threatened to ground him.

Appellant was charged in the Cumberland Circuit Court with rape in the first degree, sodomy in the first degree, and use of a minor in a sexual performance. The jury found Appellant guilty of all three charges. He was sentenced to 20 years imprisonment, and this appeal followed.

## II. ANALYSIS

On the first day of trial, prior to the jury being empanelled, defense counsel approached the bench after announcing that the defense was ready.

2

Defense counsel informed the trial judge that she had just found out that the Commonwealth was in possession of exculpatory evidence that it failed to disclose to Appellant. Cathy Lay, M.W.'s aunt, apparently informed defense counsel fifteen minutes earlier that M.W. had told her that Appellant did not rape M.W. According to Lay, M.W. had sex with Appellant in exchange for clothing. Lay indicated that she had provided the Commonwealth Attorney's office with the potentially exculpatory evidence two weeks earlier.

Commonwealth's Detective Patty Rich was called to the bench. Rich stated that Lay had contacted her with allegations that M.W. had sex with Appellant in exchange for clothing. However, Rich claimed that Lay did not mention how she had gotten this information.

Appellant moved to dismiss the charges, arguing that the Commonwealth violated the discovery agreement by failing to provide the defense with exculpatory evidence in its possession. The trial court denied Appellant's motion and noted his objection for the record.

During the trial, Lay was called to testify as a witness for the defense. Apparently, M.W. had made conflicting statements to Lay about the alleged rape. M.W. first told Lay that Appellant had raped her then later stated that she had not been raped.

At no point did defense counsel ask the trial court for a continuance under RCr 9.04. Thus, Appellant argues that the trial court erred by not sua sponte ordering a continuance. Specifically, Appellant alleges a violation of due process because defense counsel "did not have time to adequately evaluate this evidence and properly prepare for trial with the full knowledge of the evidence."

3

Appellant's argument is not preserved for appeal. See Hilsmeier v. Chapman, 192 S.W.3d 340, 345 (Ky. 2006) (holding that claims must be presented to the trial court in order to be preserved for appellate review). Therefore, we may review only for palpable error pursuant to RCr 10.26. A palpable error exists if, upon consideration of the entire case, there is a substantial possibility that the outcome would be different had the error not occurred. Schoenbachler v. Commonwealth, 95 S.W.3d 830, 836 (Ky. 2003).

Appellant cites no authority that requires a trial court to sua sponte order a continuance under these circumstances. The United States Supreme Court in Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), held that the prosecution's suppression of evidence favorable to an accused on request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. However, "Brady only applies to 'the discovery, after trial, of information which had been known to the prosecution but unknown to the defense.'" Bowling v. Commonwealth, 80 S.W.3d 405, 410 (Ky. 2002).

We find no error here, palpable or otherwise. No Brady violation occurred because the defense obtained knowledge of the potentially exculpatory evidence prior to the jury being empanelled. Moreover, because Lay testified at trial for the defense, we find no manifest injustice. See RCr 10.26 ("appropriate relief may be granted upon a determination that manifest injustice has resulted from the error"). The trial court thus had no obligation to sua sponte order a continuance. See Shegog v. Commonwealth, 142 S.W.3d 101, 109 (Ky. 2004) (holding that

4

the decision to grant a continuance lies within the sound discretion of the trial court).

## III. CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

All sitting. All concur.

COUNSEL FOR APPELLANT

Shelly R. Fears
Assistant Public Advocate
Dept. of Public Advocacy
100 Fair Oaks Lane, Suite 301
Frankfort, KY 40601

COUNSEL FOR APPELLEE

Gregory Stumbo
Attorney General of Kentucky

Jason Bradley Moore
Assistant Attorney General
Office of the Criminal Appeals
Attorney General's Office
1024 Capitol Center Drive
Frankfort, KY. 40601